**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

SANTI LOUIS BACHICHA,

      Plaintiff,

v.                                                   No. 1:26-cv-00701-SCY

FOUR SEASONS RESORTS RANCHO ENCANTADO,
                Defendant.

## <u>ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND ORDER FOR SECOND AMENDED COMPLAINT</u>

This matter comes before the Court on *pro se* Plaintiff's Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 5, filed March 9, 2026 ("Amended Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed March 6, 2026 ("Application").

### Order Granting Application to Proceed *In Forma Pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs . . . ." *Adkins v. E.I. DuPont de*

*Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and stated that: (i) his average monthly income amount during the past 12 months is $0.00; (ii) his expected income amount next month is $0.00; and (iii) Plaintiff is homeless. Thus, the Court finds that Plaintiff is unable to pay the costs of this proceeding.

### Order for Second Amended Complaint

This case arises from alleged employment discrimination, retaliation, defamation, and spoliation of evidence. *See* Amended Complaint at 2. Plaintiff, who was employed by Defendant, alleges that during the course of his employment, he "experienced discriminatory treatment and inappropriate conduct within the workplace," and that after he "reported inappropriate and sexually harassing comments to management, the Defendant failed to properly investigate or address the complaint" and "engaged in retaliatory actions culminating in the termination of Plaintiff's employment." Amended Complaint at 2. Plaintiff also alleges that Defendant's assertion that "Plaintiff was terminated due to 'excessive absenteeism'" is "pretext designed to conceal discriminatory and retaliatory motives." Amended Complaint at 4.

The Amended Complaint should be dismissed because it fails to state a claim upon which relief can be granted. *See* 28 U.S. C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that . . . the action . . .fails to state a claim on which relief may be granted").

> We use the *Iqbal/Twombly* standard to determine whether Plaintiffs have stated a
> plausible claim. *Brown v. Montoya*, 662 F.3d 1152, 1162–63 (10th Cir. 2011). In

2

applying this standard, we take Plaintiffs' well-pleaded facts as true, view them in the light most favorable to Plaintiffs, and draw all reasonable inferences from the facts in favor of Plaintiffs. *Id.* at 1162. A plausible claim includes facts from which we may reasonably infer Defendant's liability. *Id.* at 1163. Plaintiffs must nudge the claim across the line from conceivable or speculative to plausible. *Id.* Allegations that are "'merely consistent with' a defendant's liability" stop short of that line. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Labels, conclusions, formulaic recitations of elements, and naked assertions will not suffice. *Id.* An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement. *Kellum v. Mares*, 657 Fed. App'x 763, 770 (10th Cir. 2016) (unpublished) (citing Black's Law Dictionary (10th ed. 2014)). Conclusory allegations are "not entitled to the assumption of truth." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012). In fact, we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019). We must draw on our experience and common sense in evaluating the plausibility of a claim. *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937. The degree of specificity needed to establish plausibility and provide fair notice depends on the context and the type of case. *Id.*; *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

*Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) (footnote omitted).

Plaintiff makes the conclusory allegation that he "experienced discriminatory treatment" but does not provide factual statements describing the discrimination or showing that the discriminatory treatment occurred under circumstances from which one could infer the discriminatory treatment was based on Plaintiff's gender. *See Walkingstick Dixon v. Oklahoma ex rel. Regional University System of Oklahoma Bd. of Regents*, 125 F.4th 1321, 1334 (10th Cir. 2025) ("To establish a prima facie case of Title VII discrimination, a plaintiff who is a member of a protected class must show that she experienced an adverse employment action "under circumstances which give rise to an inference of unlawful discrimination"). Similarly, Plaintiff makes the conclusory allegation that Defendant "engaged in retaliatory actions culminating in the termination of Plaintiff's employment" but does not include factual statements describing the retaliation or showing that the alleged retaliation was connected to Plaintiff reporting the

3

sexually harassing comments. *See Walkingstick*, 125 F.4th at 1339 ("To establish a prima facie case of retaliation, [a plaintiff] must show that: (1) she engaged in protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse action.").

The Court orders Plaintiff to file a second amended complaint. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what *each* defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated.") (emphasis added).

The amended complaint must comply with the Federal and Local Rules of Civil Procedure. *See*, *e.g.*, Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs").

**Service on Defendant**

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 which provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to file a second amended complaint. The Court will address service after Plaintiff files an amended complaint.

**Case Management**

Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

4

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

### Compliance with Rule 11

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)    Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed March 6, 2026, is **GRANTED.**

(ii)   Plaintiff shall, within 21 days of entry of this Order, file a second amended complaint. Failure to timely file a second amended complaint may result in dismissal of this case.

_____
**UNITED STATES MAGISTRATE JUDGE**

6