**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

SANTI LOUIS BACHICHA,

      Plaintiff,

v.                                        No. 1:26-cv-00701-JCH-SCY

FOUR SEASONS RESORTS RANCHO ENCANTADO,
           Defendant.

## <u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

This case arises from alleged employment discrimination, retaliation, defamation and spoliation of evidence. *See* Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 2, Doc. 5, filed March 9, 2026 ("Amended Complaint"). *Pro se* Plaintiff, who was employed by Defendant, alleged that during the course of his employment, he "experienced discriminatory treatment and inappropriate conduct within the workplace," and that after he "reported inappropriate and sexually harassing comments to management, the Defendant failed to properly investigate or address the complaint" and engaged in retaliatory actions culminating in the termination of Plaintiff's employment." Amended Complaint at 2. Plaintiff also alleged that Defendant's assertion that "Plaintiff was terminated due to 'excessive absenteeism'" is "pretext designed to conceal discriminatory and retaliatory motives." Amended Complaint at 4.

United States Magistrate Judge Steven C. Yarbrough notified Plaintiff the Amended Complaint should be dismissed for failure to state a plausible claim because:

> Plaintiff makes the conclusory allegation that he "experienced discriminatory treatment" but does not provide factual statements describing the discrimination or showing that the discriminatory treatment occurred under circumstances from which one could infer the discriminatory treatment was based on Plaintiff's gender. *See Walkingstick Dixon v. Oklahoma ex rel. Regional University System of Oklahoma Bd. of Regents*, 125 F.4th 1321, 1334 (10th Cir. 2025) ("To establish a prima facie case of Title VII discrimination, a plaintiff who is a member of a protected class must show that she experienced an adverse employment action "under circumstances which give rise to an inference of unlawful discrimination"). Similarly, Plaintiff makes the conclusory allegation that Defendant "engaged in

retaliatory actions culminating in the termination of Plaintiff's employment" but does not include factual statements describing the retaliation or showing that the alleged retaliation was connected to Plaintiff reporting the sexually harassing comments. *See Walkingstick*, 125 F.4th at 1339 ("To establish a prima facie case of retaliation, [a plaintiff] must show that: (1) she engaged in protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse action.").

Order for Second Amended Complaint at 2-4, Doc. 6, filed March 11, 2026 (describing how Courts use the *Iqbal/Twombly* standard to determine whether a plaintiff has stated a plausible claim) (quoting *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021)). Judge Yarbrough ordered Plaintiff to file a second amended complaint and notified Plaintiff that failure to timely file a second amended complaint may result in dismissal of this case. Plaintiff did not file a second amended complaint by the April 1, 2026, deadline.

The Court dismisses this case without prejudice because the Amended Complaint fails to state a claim upon which relief can be granted and because Plaintiff failed to comply with Judge Yarbrough's Order to file a second amended complaint. *See* 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted"); Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
SENIOR UNITED STATES DISTRICT JUDGE

2